[Crim. No. 1712.   Second Appellate District, Division One.—October 5, 1928.]

THE PEOPLE, Respondent, v. ROY JAMES et al., Appellants.

E. R. Simon for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—The defendants James and Whitfield were convicted on an information charging robbery as stated in count two of the information. Counts numbers one, three, four, five, and six were dismissed during the trial on motion of the district attorney. Their co-defendants Reynolds and Sampson were acquitted. From the judgments of conviction and the order denying their motion for a new trial this appeal is taken by defendants James and Whitfield.

Count two of the information charged all four defendants with robbery of the cashier of the Toloma Creamery Company, in the city of Los Angeles, on March 31, 1928. The cashier and two of his assistants identified the two defendants Whitfield and James as being the two men who perpetrated the robbery. Another witness testified that she was present when all four of the defendants returned from the robbery and that she saw them divide the money.

Reversal of the order denying a new trial and reversal of the judgment is sought on account of certain questions asked by the district attorney, in which he attempted to cross-examine one of his own witnesses, Gerald Reynolds, who was the brother of defendant Leo Reynolds, who was found not guilty. Objection was made to the statements made by the deputy district attorney, as follows:

"If the court please, the People are taken by surprise with the testimony given by this witness and desire to cross-examine him for the purpose of laying a ground for impeachment.

"The Court: All right, you may do so.

"Mr. Shaw: Well, we object—

"Mr. Crail: What is that?

"Mr. Shaw: All right.

"The Court: You may proceed."

Thereupon, the deputy district attorney attempted apparently to lay a foundation for the introduction of evidence (by way of impeachment) that the witness, Gerald Reynolds, made statements to officers Chitwood and Luquet that he had a certain conversation with his brother after the robbery about the commission of the crime and that he had a conversation with Mr. Sampson concerning the hold-up; and that he had conversed with the defendants as to money taken and about checks taken during the hold-up. Also that the witness had told the officers about conversations he had with the defendants, prior to the robbery, concerning the commission of the crime, and as to the advisability of holding up the place.

The surprise expressed by the district attorney concerning the testimony given by the witness related only to the failure of the witness to give certain expected testimony favorable to the prosecution. It could not have arisen from unexpected adverse statements by the witness concerning

facts connected with the crime, for no such statements had been made. Under such circumstances, no right of impeachment of the witness had arisen, and it was useless to attempt the laying of a foundation therefor. "The mere failure of a witness to testify favorably for the party calling him, unaccompanied by any testimony which would tend to the prejudice of the case of the party calling the witness, will not entitle such party to show that the witness has elsewhere made contrary statements concerning the facts sought to be elicited from him." (*People* v. *Sliscovich*, 193 Cal. 544, 554 [226 Pac. 611, 615].) ▇▇▇ If, however, any harm was done by the statement of the deputy district attorney as to his surprise, and if any error was committed in asking the questions asked, we cannot see that it would be reversible error, or that it did cause any serious harm to the defendants. The defendants were convicted upon positive, direct testimony, which was wholly uncontradicted.

The instructions of the court relative to the case, which were given to the jury were sufficient to cure any such impression if the district attorney's remarks could have been considered to have caused any such impression as feared by the appellants' attorney.

As we have said before, the evidence introduced clearly shows, without contradiction, the guilt of the appealing defendants and therefore no miscarriage of justice could possibly have resulted from the remarks of the district attorney complained of.

The judgment and order denying the motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 24, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 3, 1928.

All the Justices present concurred.